Chicago Title and Trust Company, Appellee, v. Anna Knodel et al., Appellees. Reuel H. Grunewald, Appellant.

**Gen. No. 40,339.**

Opinion filed February 27, 1939.

ROBERT F. KOLB and FRANCIS M. COOPER, both of Chicago, for appellant.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for certain appellee; JAMES W. HYDE, ANAN RAYMOND and ROBERT Z. HICKMAN, all of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by leave of this court from a decree of foreclosure entered in the circuit court of Cook county on August 10, 1937, against Reuel H. Grunewald and other defendants and in favor of the Chicago Title and Trust Company, as the trustee, named in a first mortgage trust deed given to secure the payment of an issue of bonds. The bill was filed January 4, 1933, and made the holders of a second trust deed, in which the trust company was also trustee, defendants as unknown owners. The bill averred the lien of this second trust deed was subordinate and inferior to the lien of the first trust deed, foreclosure of which was prayed.

On January 30, 1937, complainant by leave filed an amendment by which Grunewald was made defendant, and it was ordered that summons issue against him. The amendment to the bill, after describing in detail the second trust deed, states: "One Reuel H. Grunewald, claims to have an interest in the principal promissory note and interest thereon secured by said trust

deed; that the lien of said trust deed and said note and interest thereon is subject, junior and inferior to the lien of the trust deed Document No. 10626490 hereinbefore described and sought to be foreclosed herein." Grunewald was personally served with summons on February 10, 1937, and on March 24, 1937, an order of default was entered against him upon this service. Other amendments by way of adding additional defendants were subsequently made, the cause was referred to a master, who took the evidence and filed his report, finding that the equities were with the complainant and recommending a decree of foreclosure which, as hitherto stated, was entered on August 10, 1937.

The decree found that there was due to the complainant the sum of $94,211 with interest at 5 per cent from July 10, 1937, and directed that in default of payment the premises should be sold by the master to satisfy the indebtedness due to the complainant. On November 8, 1937, the property was sold by the master pursuant to the decree, and on December 1, 1937, a further decree confirming the master's report of sale and distribution was entered.

On March 11, 1938, Grunewald presented his petition to the circuit court praying that the decree of August 10, 1937, might be vacated. His petition set up the same matters which are now urged in support of his appeal.

On March 14, 1938, the complainant (respondent to the petition) moved to strike it and submitted affidavits in support of the motion. On the same day the circuit court sustained the motion and struck the petition and exhibit from the files and records. This petition for leave to appeal was filed on July 11, 1938.

Grunewald argues error in the decree as to the findings and orders therein concerning the second trust deed and title to the premises. The findings of the

decree as to this second trust deed are found on pages 195 and 196 of the record. These are in substance that the note and trust deed dated December 15, 1931, were given without consideration and that the same were at the inception thereof and ever since void; that subsequent to the execution and delivery thereof the instruments came into the possession of Anna Knodel, one of the makers, and must be construed as paid; that the trustee therein named should cancel and release the same, and that if said trustee fails so to do a special commissioner should be appointed by the court to do so; that Reuel H. Grunewald never had any right, title or interest in the real estate which was the subject matter of the foreclosure, and that Grunewald should be permanently enjoined from claiming or asserting any right, interest or title in and to the premises. It was decreed that the second trust deed and note for $30,000 should be canceled, and that in default thereof the complainant should have leave to apply for the appointment of a special commissioner to that end.

The decree also finds that at the time of her death Anna Knodel had no right, title or interest in and to the real estate described in the bill of complaint, she having prior to her death conveyed the same by deed to the Haven Apartment Building Corporation, "and the heirs, assignees, personal representatives and creditors of the said Anna Knodel had and have no right, title or interest whatsoever therein, and neither Ernest Knodel, as her sole heir at law, nor Harry P. Adler, as guardian of the person and estate of Ernest Knodel, nor the estate in guardianship of the said Ernest Knodel ever had or now have any right, title or interest in the said real estate and premises, the legal title to and equity of redemption in the same being vested in Haven Apartment Building Corporation."

These provisions of the decree as to the second trust deed and Grunewald's rights thereunder are found on pages 195–196 and 197–198 of the record.

It is pointed out in behalf of Grunewald that the pleadings tendered no such issues as were decided by the decree as to his rights; that the findings of the decree do not correspond with the allegations of the bill; that questions of title may not (the proceeding was prior to the enactment of the Civil Practice Act) be litigated in a foreclosure proceeding; that affirmative relief might not be granted in the absence of a cross-bill; that the decree went beyond the jurisdiction of the court, transgressed the law and is therefore void; that it denies to defendant his statutory rights to redeem; that by later amendments the default against Grunewald was vacated, etc. There were later amendments but these did not affect Grunewald's rights in any way, nor in our opinion did the decree prevent redemption by Grunewald if, in fact, he has or shall acquire a right of redemption.

The brief of Grunewald contains 15 points to which numerous cases well-known to the profession are cited. Arguments in support of 7 of these 15 propositions are given. It would serve no useful purpose to discuss these in detail since we are of the opinion that the findings of the decree as to the second trust deed and the indebtedness secured by it are neither sustained by the allegations of the bill nor by the evidence in the record.

Since the record was filed in this court the complainant has filed its motion to strike from the decree the provisions above recited and affirm the decree of foreclosure itself which is in the usual form and without reversible error. Such provisions, as already stated, appear on pages 195 and 196, and 197 and 198 of the record. The motion was reserved to the hearing. It will now be allowed. The decree will be modified by

the elimination of the findings and orders as to the second trust deed and title to the premises appearing on the above pages (1) with the exception of the finding that the lien, if any, of the second trust deed is subordinate and inferior to the lien of complainant. So modified, the decree will be affirmed.

*Affirmed as modified.*

McSurely, P. J., and O'Connor, J., concur.